IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY L. SELLERS,

        Plaintiff,                                No. CIV S-07-2368 LEW GGH PS

    vs.

CITY OF DAVIS POLICE DEPARTMENT, et al.,                                ORDER

        Defendants.
_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case is referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1

A complaint is frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and "inarguable legal conclusion[s]." Nietzke v. Williams, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1831 (1989). "A case is malicious if it was filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), quoting Webster's Third New International Dictionary 1367 (1993). A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981); see also Andrews, supra, 398 F.3d at 1121 (applying standard set forth in Fed. R. Civ. P. 12(b)(6)). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Since filing his in forma pauperis application, plaintiff has filed three proposed complaints. On November 5, 2007, plaintiff filed a proposed complaint against five defendants asserting federal question jurisdiction over civil rights claims. On November 13, 2007, plaintiff filed an amended complaint reiterating his claims and naming eleven defendants. On November 28, 2007, plaintiff filed an application for leave to file a second amended complaint, and proposed second amended complaint, naming in the caption two defendants but in the body of the proposed complaint naming only one defendant, yet setting forth the same general allegations

as in his prior complaints. Attached to each proposed complaint are several, but different, exhibits, including plaintiff's poetry, redacted police reports, and plaintiff's correspondence with the Davis Police Department and Davis City Attorney. Plaintiff states he has filed a similar action in the Yolo County Superior Court.

Plaintiff's amended complaint automatically supersedes his original complaint. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ." Fed. R. Civ. P. 15(a). However, any subsequent amendment of the complaint must be authorized "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id.

The gravamen of each proposed complaint is that defendants conspired to, and did, deprive plaintiff, who is homeless, of his civil rights pursuant to their investigation of a criminal complaint filed with the Davis Police Department by defendant "Leigh." According to plaintiff, Leigh accused plaintiff of stalking her when he was pursuing only an "artistic liaison," and the Department's ensuing investigation unfairly portrayed him as a "suspected sex predator," forcing plaintiff into exile. Plaintiff claims defendants conspired to, and did, falsify the investigative record, destroy material evidence and deny plaintiff complete access to the investigative file.

The variously named defendants are "Leigh," whose full identify and whereabouts are unknown to plaintiff (plaintiff seeks this information through this action); the City of Davis, the City of Davis Police Department, John Gomez (Davis police officer), Steven Pierce (former Acting Chief of Police), Harriet Steiner (Davis City Attorney), Cass Sylvia (Yolo County Public Guardian/ Administrator), Craig Reynolds (Slyvia's "marital partner"), Sandra Coldiron (former manager of Café Roma and former employer of Leigh), Cayce Wallace (director of the Pine Tree Gardens halfway house and another of Leigh's former employers), "Melissa" ("former director of Pine Tree Gardens"), and Brian O'Dell (an individual who befriended Leigh).

\\\\\

1    In addition to the above allegations, plaintiff accuses Wallace of a Social Security
2 "welfare scam" involving homeless individuals and the exchange of welfare benefits for sexual
3 favors.  Plaintiff apparently filed a complaint with the FBI concerning this matter, and asserts
4 that both the Social Security Administration and Davis City Attorney have improperly denied
5 plaintiff access to any resulting criminal investigation.
6    Plaintiff's various claims allege violations of his Fourteenth Amendment due
7 process and equal protection rights, and his civil rights under 42 U.S.C. sections 1983 and 1985.
8 Plaintiff also asserts personal injuries resulting from the tort of "civil stalking" in violation of
9 California Civil Code § 1708.7, for which plaintiff asserts pendant jurisdiction.  Plaintiff seeks a
10 jury trial.  Plaintiff seeks equitable relief, declaratory judgment, compensatory and punitive
11 damages, costs and attorney fees, and seeks the court's cooperation in conducting discovery.
12    Despite a careful reading of plaintiff's three proposed complaints and documents
13 attached thereto, the court finds the allegations so vague that it is unable to determine whether
14 plaintiff's action is frivolous, malicious or fails to state a claim.  None of the complaints
15 succinctly meet the requirements of Fed. R. Civ. P. 8, viz., that the pleading set forth *short and*
16 *plain* statements of (1) the basis for the court's jurisdiction, (2)  the claims showing that the
17 pleader is entitled to relief, and (3) a demand for judgment for the relief sought.  The second
18 element is particularly lacking.
19    Further, none of the proposed complaints give fair notice to defendants – nor
20 demonstrate any consistency in naming the defendants or conforming the complaint to the named
21 defendants – that is, the complaints do not allege with sufficient particularity the overt acts which
22 specific defendants allegedly engaged in that support plaintiff's claims.  Jones v. Community
23 Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The in forma pauperis statute places
24 responsibility on the district courts "to spare prospective defendants the inconvenience and
25 expense of answering [frivolous or malicious] complaints."  Neitzke, supra, 4990 U.S. at 324.
26 \\\\\

This is the sixth action plaintiff has filed in this court making the same or similar allegations against these defendants.[1] The alleged events occurred in 2005. Plaintiff has had ample opportunity to pursue these matters and this court has already devoted significant resources to plaintiff's allegations.

Accordingly, the court will dismiss plaintiff's amended complaint filed November 13, 2007, and deny without prejudice plaintiff's November 28, 2007 application to file a second amended complaint. Plaintiff will be permitted to submit another, carefully refined and substantively adequate, proposed third amended complaint within twenty (20) days of the filing date of this order.

The third amended complaint must allege sufficient facts to support the conclusion that plaintiff's federal constitutional or statutory rights have been violated. Plaintiff must clearly identify, in both the caption of the complaint and the body, each defendant and distinguish among these defendants by showing the particular claims against each one. Plaintiff can do this by alleging in specific terms how each named defendant is involved and which claims or causes of action are relevant to which defendant. Defendants may be grouped in meaningful ways, but claims vaguely referring to "defendants" are insufficient. See McHenry, 84 F.3d at 1175. Any amended complaint should focus only on specific cognizable claims.[2]

---

[1] Plaintiff has filed the following related actions, all now closed: Sellers v. Espresso Roma Inc. et al., 06-cv-01245-DFL-DAD (PS), filed 06/07/06, closed 06/29/06 (voluntarily dismissed by plaintiff despite subsequently filing an amended complaint); Sellers v. Coldiron, 06-cv-02443-FCD-KJM (PS), filed 11/03/06, closed 08/28/07 (dismissed for failure to file third amended complaint); Sellers v. Leigh et al., 06-cv-02510-GEB-DAD (PS), filed 11/13/06, closed 08/13/07 (dismissed at plaintiff's request, after filing amended complaint, due to "consolidation" of cases); Sellers vs. Davis Police Dept.,06-cv-02633-MCE-GGH (PS), filed 11/20/06, closed 06/26/07 (dismissed at plaintiff's request, after filing amended complaint, due to "consolidation" of cases); Sellers v. Leigh, the cafe diva, 07-cv-00496-LKK-GGH (PS), filed 03/14/07, closed 08/16/07 (dismissed for failure to file an application to proceed in forma pauperis or pay the filing fee).

[2] In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). "[P]rivate parties are not generally acting under color of state law, and . . . ' " '[c]onclusionary

1           Plaintiff is advised that the court cannot refer to a prior pleading in order to make

2   his amended complaint complete.  An amended complaint must be complete in itself without

3   reference to any prior or superseded pleading.  E. D. Cal. L. R. 15-220; see Loux v. Rhay, 375

4   F.2d 55, 57 (9th Cir. 1967).  "[A] plaintiff waives all causes of action alleged in the original

5   complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644

6   F.2d 811, 814 (9th Cir.1981).  Defendants not named in an amended complaint are no longer

7   defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321

8   (1992).

9           Plaintiff is further advised that the Third Amended Complaint must bear the civil

10  docket number assigned this case and be labeled "Third Amended Complaint;" plaintiff must file

11  an original and two copies of the proposed second amended complaint.  The proposed amended

12  complaint should not exceed 15 pages, including *necessary* attachments, if any – a complaint

13  should not include evidentiary matters.

14  \\\\\

---

allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.' "' Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984) (citation omitted)." Price v. State of Hawaii, 939 F.2d 702, 707 -708 (9th Cir. 1991). "[A] defendant is entitled to more than the bald legal conclusion that there was action under color of state law. . . . In deciding whether action is attributable to the State, a two-part test is applied: 'First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  Id., quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982).

    Section 1985 proscribes conspiracies to interfere with civil rights.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).  As construed by the United States Supreme Court, it protects only against discrimination founded upon invidious, class-based animus, such as race.  United Bhd. of Carpenters and Joiners Local v. Scott, 463 U.S. 825, 103 S. Ct. 3352 (1983); see Ramirez v. City of Reno, 925 F. Supp. 681, 689 (D.Nev. 1996).  The only discrimination asserted by plaintiff is that he was treated unfairly because he is homeless, but homelessness is not a recognized classification for purposes of § 1985.  Absent evidence demonstrating that a challenged policy is based on class-based animus,  plaintiff's federal conspiracy claim must fail.  See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

1       Accordingly, the court HEREBY dismisses plaintiff's amended complaint filed November 13, 2007, and denies without prejudice plaintiff's November 28, 2007 application to file a second amended complaint. Plaintiff may submit, within twenty (20) days of the filing date of this order, a Third Amended Complaint conforming with the requirements set forth herein. Failure to comply with this order will result in a recommendation of dismissal.

      So ordered.

DATED: 12/20/07                           /s/ Gregory G. Hollows

                                              GREGORY G. HOLLOWS
                                              U. S. MAGISTRATE JUDGE

GGH5:Sell2368.ifp.sac