IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY L. SELLERS,

    Plaintiff,                       No. CIV S-07-2368 LEW GGH PS

    vs.

PINE TREE GARDENS, LEIGH,           <u>ORDER</u> and
                                            <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendants.

_____/

        On December 20, 2007, this court granted plaintiff's November 5, 2007 application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the court dismissed plaintiff's amended complaint filed November 13, 2007, and denied without prejudice plaintiff's November 28, 2007 application to file a second amended complaint, on the ground that neither was sufficiently clear for this court to determine whether plaintiff's allegations were frivolous, malicious or failed to state a colorable claim for relief. 28 U.S.C. § 1915(e)(2). Plaintiff was accorded twenty days within which to file a third amended complaint conforming with the pleading and substantive requirements set forth in the court's order. On January 2, 2008, plaintiff timely filed a proposed third amended complaint ("PTAC") which, for the following reasons, this court recommends be dismissed with prejudice.

\\\\\

1

Plaintiff asserts that his efforts to befriend a young woman, "Leigh," particularly through his poetry, was misconstrued as threatening. In July 2004 or 2005, Leigh filed a criminal complaint with the Davis Police Department which in turn, according to plaintiff, "threatened" him, as did Leigh's friends and coworkers, causing plaintiff to flee Davis for several months. Plaintiff asserts he was falsely accused of attempting to send poetry to Leigh through Pine Tree Gardens (one of Leigh's places of employment), and that his letters were improperly interceded by law enforcement, but concedes he sent Leigh, from Maui, "a water bottle stuffed with his writings" that was treated as a bomb by the Davis Police Department. PTAC at 3. Plaintiff named several defendants in his prior proposed pleadings,[1] but now names only Leigh, whose full name and whereabouts remain unknown to plaintiff, and Pine Tree Gardens, a "halfway house" providing mental health treatment to adults. The proposed complaint seeks monetary damages against (1) Leigh "or, alternatively," Pine Tree Gardens, for violation of plaintiff's civil rights, a claim made pursuant to 42 U.S.C. § 1983 and the equal protection and due process clauses of the Fourteenth Amendment, and (2) Pine Tree Gardens, for the "state torts of criminal and civil false imprisonment or stalking," made pursuant to this court's pendant jurisdiction.[2]

Plaintiff has attached two exhibits to his newly proposed pleading: (1) a copy of a poem plaintiff sent to Leigh, "to establish [plaintiff's] credibility as a poet and defies the Court and any associated with this case to produce its equivalent produced by any of this generation," and (2) "page 3" of this court's December 20, 2007 order which "shows the Court's synopsis of

---

[1] Previously named defendants were "Leigh," the City of Davis, the City of Davis Police Department, John Gomez (Davis police officer), Steven Pierce (former Acting Chief of Police), Harriet Steiner (Davis City Attorney), Cass Sylvia (Yolo County Public Guardian/Administrator), Craig Reynolds (Slyvia's "marital partner"), Sandra Coldiron (former manager of Café Roma and former employer of Leigh), Cayce Wallace (director of the Pine Tree Gardens halfway house and another of Leigh's former employers), "Melissa" ("former director of Pine Tree Gardens"), and Brian O'Dell (an individual who befriended Leigh).

[2] Plaintiff has dropped his previous assertions defendants conspired to, and did, falsify the police investigative record, destroy material evidence and deny plaintiff complete access to the file, and that Wallace was engaged in a "welfare scam" the authorities declined to investigate.

plaintiff's claim as it transformed itself, as a matter of law, into the opposing party so that in effect it became plaintiff v. the federal courts." PTAC, at 4-5.  In a separate one-page "Response to Order," filed January 2, 2008, plaintiff states that he "takes exception to the finding of fact and conclusions of law set out in the Court's order of December 20, 2007, in this case and respectfully asks for the opportunity to fully respond should the facts and conclusions therein be hereinafter used to prejudice his standing or his otherwise bona fide causes."

Plaintiff's precise factual claims against Leigh and Pine Tree Gardens remain difficult to decipher.  To state a claim under 42 U.S.C. § 1983,[3] plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  Plaintiff alleges violations of his rights to due process and equal protection, both by law enforcement directly (although now unnamed as defendants) and by Leigh, her friends and coworkers as "agents" of law enforcement.  Plaintiff asserts that his homelessness and advanced age made him more vulnerable to defendants' actions but he alleges no facts demonstrating he was treated differently than younger individuals, or individuals with residences, against whom a facially valid criminal complaint has been made.  Neither plaintiff's age nor lack of residence cloak him from reasonable law enforcement investigation or the reasonably protective (or reasonably overprotective) actions of community members.

Further, plaintiff sets forth no facts to support his claims of unreasonable conduct by the named defendants or law enforcement, including previously-named Officer Gomez. The Supreme Court informs us that "the core concept" of due process, including substantive due process, is "protection against arbitrary action." County of Sacramento v. Lewis, 523 U.S. 833, 845, 118 S.Ct. 1708 (1998). To establish a "fatally arbitrary" abuse of power, plaintiff must

---

[3] 42 U.S.C. § 1983 provides: "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

1   demonstrate conduct that "shocks the conscience."[4]  Id. at 846-847.  Despite his repeated

2   generalizations, plaintiff alleges no specific conduct by law enforcement that "shocks the

3   conscience" or even creates a reasonable suspicion such conduct occurred.

4       Perhaps more significantly, plaintiff fails to support his assertion that Leigh or

5   other lay individuals so cooperated with law enforcement as to become state agents.  "[P]rivate

6   parties are not generally acting under color of state law, and . . . ' " '[c]onclusionary allegations,

7   unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights

8   Act.' " ' Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984) (citation

9   omitted)." Price v. State of Hawaii, 939 F.2d 702, 707-708 (9th Cir. 1991).[5]  Leigh cannot be

10  deemed a state agent by virtue of filing a law enforcement complaint.  Nor can state action be

11  attributed to Pine Tree Gardens, presumably a private entity, or its personnel because it may have

12  cooperated with law enforcement.  Although plaintiff asserts a concerted effort by law

13  enforcement and Pine Tree Gardens staff and others to improperly intimidate plaintiff, his alleged

14  facts fail to make this case.

---

[4]  The "Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.  It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.  Whether the point of the conscience shocking is reached when injuries are produced with culpability falling within the middle range, following from something more than negligence but less than intentional conduct, such as recklessness or 'gross negligence is a matter for closer calls." Lewis, at 849 (citations and internal quotations omitted).

[5]  Conclusory allegations of official participation in civil rights violations are not sufficient to create state action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] defendant is entitled to more than the bald legal conclusion that there was action under color of state law. . . . In deciding whether action is attributable to the State, a two-part test is applied:  'First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Price, 939 F.2d at 708, quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982).

In short, plaintiff fails to state a § 1983 claim. Plaintiff's failure to state a federal claim renders this court without pendant jurisdiction to consider plaintiff's state law claim of false imprisonment, even were it cognizable.[6]

This court has, as it must, liberally construed plaintiff's proposed third amended complaint and concludes that no further amendment can cure its failure to state a cognizable claim. This is the fourth proposed pleading this court has reviewed in this action alone, and this is the sixth action plaintiff has filed in this court making the same or similar allegations against these and related defendants.[7] Despite repeated opportunity, plaintiff has failed to state a cognizable federal claim and it appears beyond doubt there is no set of supporting facts entitling

---

[6] Plaintiff cites no legal authority for this claim in the instant pleading but his prior pleadings assert personal injuries resulting from the tort of "civil stalking" in violation of California Civil Code § 1708.7. Plaintiff asserts that both the response of Pine Tree Gardens staff in attempting to protect Leigh and plaintiff's decision to leave Davis constituted "false imprisonment," stating, "They [Pine Tree Gardens manager et al.] managed to instill in plaintiff with such terror and irrational fears, e.g., of police style police beatings, that he retreated from the downtown area, holed up elsewhere and, after threats from those harboring outrage at his purported terrorizing of Leigh, again retreated from Davis." PTAC, at 4. "To prove violation of section 1708.7, a plaintiff must show that (1) the defendant engaged in a pattern of conduct intending to 'follow, alarm, or harass the plaintiff;' (2) that as a result of such conduct, the plaintiff 'feared for his or her safety, or the safety of an immediate family member;' and (3) either the defendant threatened the plaintiff or plaintiff's family member and that plaintiff demanded cessation of the conduct, or that defendant violated a restraining order. Cal. Civ. Code § 1708.7(a). The statute goes on to define a 'credible threat' as one 'made with the intent and apparent ability' to carry it out. Cal. Civ. Code § 1708.7(b)(1)." Weatherman v. State Farm Ins. Co., 1997 WL 33804 (1997). Plaintiff makes the claim of "civil stalking" against Pine Tree Gardens qua Pine Tree Gardens; such claim is cognizable only against a person. Even if plaintiff's claim was made against the manager of Pine Tree Gardens, plaintiff has alleged insufficient facts to demonstrate the requisite "pattern of conduct."

[7] Plaintiff has filed the following related actions, all now closed: Sellers v. Espresso Roma Inc. et al., 06-cv-01245-DFL-DAD (PS), filed 06/07/06, closed 06/29/06 (voluntarily dismissed by plaintiff despite subsequently filing an amended complaint); Sellers v. Coldiron, 06-cv-02443-FCD-KJM (PS), filed 11/03/06, closed 08/28/07 (dismissed for failure to file third amended complaint); Sellers v. Leigh et al., 06-cv-02510-GEB-DAD (PS), filed 11/13/06, closed 08/13/07 (dismissed at plaintiff's request, after filing amended complaint, due to "consolidation" of cases); Sellers vs. Davis Police Dept.,06-cv-02633-MCE-GGH (PS), filed 11/20/06, closed 06/26/07 (dismissed at plaintiff's request, after filing amended complaint, due to "consolidation" of cases); Sellers v. Leigh, the cafe diva, 07-cv-00496-LKK-GGH (PS), filed 03/14/07, closed 08/16/07 (dismissed for failure to file an application to proceed in forma pauperis or pay the filing fee).

1  plaintiff to relief.  The court will therefore recommend dismissal of plaintiff's proposed third

2  amended complaint and of this action with prejudice.  28 U.S.C. § 1915(e)(2)(b)(ii)), Fed. R.

3  Civ. P. 12(b)(6); Fed. R. Civ. P. 41(b);  see also Neitke v. Williams, 490 U.S. 319, 329 (1989)

4  (federal court may dismiss sua sponte "claims of infringement of a legal interest which clearly

5  does not exist").  Further similar filings by plaintiff may result in the imposition of sanctions.

6      Accordingly, for the foregoing reasons, the court HEREBY RECOMMENDS

7  dismissal of this action with prejudice for failure to state a claim.  Plaintiff's January 2, 2008

8  request to further respond to this court's December 20, 2007 order is DENIED.

9      These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

11  after being served with these findings and recommendations, plaintiff may file written objections

12  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

13  and Recommendations."  Plaintiff is advised that failure to file objections within the

14  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

15  F.2d 1153 (9th Cir. 1991).

16  DATED: 01/15/08                              /s/ Gregory G. Hollows
                                                 _____
17                                               GREGORY G. HOLLOWS
                                                 U. S. MAGISTRATE JUDGE
18  GGH5:Sell2368.f&r